UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Jon Q. Wright, d/b/a JQ Licensing LLC,<br>　　　　　Plaintiff,<br><br>vs.<br><br>Fish-Hard.com, Amy L. Penza,<br>David P. Brown, Michael E. Keyes,<br>ABC Corporations 1-10, and<br>John Does 1-10,<br>　　　　　Defendants. | Court File No. 15-cv-532 (PJS/LIB)<br><br><br>**DEFENDANTS' ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT, LANHAM ACT, AND DECEPTIVE TRADE PRACTICES** |

_____

Except as hereinafter expressly admitted, qualified, or otherwise admitted, Defendants specifically deny each and every allegation, statement, matter and thing contained in the Complaint. Defendants Fish-Hard.com, Amy L. Penza, David P. Brown, and Michael E. Keyes, by and through their counsel of record, hereby respond to the numbered allegations in the Complaint on knowledge to themselves and on information and belief as to other matters, as follows:

　　1.　　No response is required to the allegations in the introductory paragraph of the Complaint, which are the Plaintiff's characterization of his claims. However, to the extent said paragraph comprises factual allegations, Defendants deny the allegations set forth therein.

　　2.　　Defendants admit the allegations in paragraph 1 of the Complaint to the extent that Plaintiff purports to bring this action under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq. as amended), the Lanham Act, 15 U.S.C. § 1125(a), and the Minnesota Statutes.

　　3.　　Defendants deny the allegations in paragraph 2 of the Complaint.

　　4.　　Defendants deny the allegations in paragraph 3 of the Complaint.

1

5. Defendants deny the allegations in paragraph 4 of the Complaint.

6. Defendants do not have sufficient information or knowledge sufficient to either admit or deny the allegations in paragraph 5 of the Complaint, and on that basis deny those allegations.

7. Defendants do not have sufficient information or knowledge sufficient to either admit or deny the allegations in paragraph 6 of the Complaint, and on that basis deny those allegations.

8. Defendants do not have sufficient information or knowledge sufficient to either admit or deny the allegations in paragraph 7 of the Complaint, and on that basis deny those allegations, except Defendants admit that Plaintiff purports to possess and hold a copyright registration identified and marked as Exhibit A in the Complaint.

9. Defendants deny the allegations in paragraph 8 of the Complaint, except Defendants admit that Defendant, Fish-Hard.com ("Fish-Hard") is a business organized under the laws of the State of Wisconsin with its principal place of business at 814 S. Section Street, Nekoosa, Wisconsin, 54457; is a company that develops miscellaneous fishing apparel and accessories of various designs to protect sportsman from extreme harsh conditions; and manufactures, ships and sells throughout Minnesota Walleye Sun Scarfs through one of its recognized dealers, Marine General, located at 1501 London Road, Duluth, MN.

10. Defendants deny the allegations in paragraph 9 of the Complaint, except Defendants admit that Defendant Amy L. Penza resides in Wisconsin and is a co-owner of Fish-Hard.

11. Defendants deny the allegations in paragraph 10 of the Complaint, except Defendants admit that Defendant David P. Brown resides in Wisconsin and is a co-owner of Fish-Hard.

12. Defendants deny the allegations in paragraph 11 of the Complaint, except Defendants admit that Defendant Michael E. Keyes resides in Wisconsin and is a co-owner of Fish-Hard.

13.     Defendants do not have sufficient information or knowledge sufficient to either admit or deny the allegations in paragraph 12 of the Complaint, and on that basis deny those allegations.

14.     Defendants admit the allegations in paragraph 13 of the Complaint to the extent that this Court has subject matter jurisdiction over Plaintiff's purported claims for copyright infringement pursuant to the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq.) and pursuant to 28 U.S.C. §§ 1331 and 1338, the Lanham Act, 15 U.S.C. § 1125(a), and MINN. STAT. 543.19 (2008).

15.     Defendants admit the allegations in paragraph 14 of the Complaint.

16.     Defendants admit the allegations in paragraph 15 of the Complaint.

17.     Defendants do not have sufficient information or knowledge sufficient to either admit or deny the allegations in paragraph 16 of the Complaint, and on that basis deny those allegations.

18.     Defendants deny the allegations in paragraph 17 of the Complaint, except Defendants admit that Exhibit B attached to said Complaint represents Defendants' Walleye Sun Scarf sold by a retailer in Minnesota.

19.     Defendants deny the allegations in paragraph 18 of the Complaint, except Defendants admit that the Walleye Sun Scarf can be described as a sun scarf with a white background with depiction of a walleye fish prominently positioned in the center of the design swimming amongst smaller fish collectively above foliage on a lake bottom, whereas a second sun scarf comprises a water droplet background with a walleye fish prominently positioned in the upper left hand corner with the phrase "ICE EYES."

20.     Defendants deny the allegations in paragraph 19 of the Complaint.

21.     Defendants deny the allegations in paragraph 20 of the Complaint.

22.     Defendants deny the allegations in paragraph 21 of the Complaint.

23.     Defendants deny the allegations in paragraph 22 of the Complaint.

24.     Defendants deny the allegations in paragraph 23 of the Complaint, except that Defendants admit to receiving from Plaintiff a written communication submitted via mail service and e-mail that purports to set forth a notice of copyright ownership for

Plaintiff's work, a statement of similarity between Plaintiff's work and Defendants' work, a request for more information, a notice to terminate use of Plaintiff's work, and a request for compensation for past use of Plaintiff's work.

25. Defendants deny the allegations in paragraph 24 of the Complaint.

26. Defendants deny the allegations in paragraph 25 of the Complaint.

27. Defendants deny the allegations in paragraph 26 of the Complaint.

### COUNT I
(COPYRIGHT INFRINGEMENT – 17 U.S.C. §501, ET. SEQ.)

28. Defendants hereby incorporate by reference as though fully set forth herein their responses to the introductory paragraph and paragraphs 1 through 27 of the Complaint.

29. Defendants do not have sufficient information or knowledge sufficient to either admit or deny the allegations in paragraph 28 of the Complaint, and on that basis deny those allegations.

30. Defendants deny the allegations in paragraph 29 of the Complaint.

31. Defendants deny the allegations in paragraph 30 of the Complaint.

32. Defendants deny the allegations in paragraph 31 of the Complaint.

33. Defendants deny the allegations in paragraph 32 of the Complaint.

34. Defendants deny the allegations in paragraph 33 of the Complaint.

35. Defendants deny the allegations in paragraph 34 of the Complaint.

36. Defendants deny the allegations in paragraph 35 of the Complaint.

37. Defendants do not have sufficient information or knowledge sufficient to either admit or deny the allegations in paragraph 36 of the Complaint, and on that basis deny those allegations.

38. Defendants deny the allegations in paragraph 37 of the Complaint.

39. Defendants deny the allegations in paragraph 38 of the Complaint.

40. Defendants deny the allegations in paragraph 39 of the Complaint.

41. Defendants deny the allegations in paragraph 40 of the Complaint, except Defendants admit that Plaintiff purported to make a request to terminate use of the work and account for sales.

42. Defendants deny the allegations in paragraph 41 of the Complaint.

43. Paragraph 42 of the Complaint states a conclusion of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations in paragraph 42 of the Complaint.

44. Defendants deny the allegations in paragraph 43 of the Complaint.

45. Defendants deny the allegations in paragraph 44 of the Complaint.

46. Defendants deny the allegations in paragraph 45 of the Complaint.

47. Defendants deny the allegations in paragraph 46 of the Complaint.

48. Paragraph 47 of the Complaint states a conclusion of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations in paragraph 47 of the Complaint.

49. Defendants admit that Plaintiff purports to claim statutory damages under 17 U.S.C. §504(c)(1), but specifically deny the allegations in paragraph 48 that Defendants are liable for unauthorized use and copyright infringement of Plaintiff's registered Work.

50. Paragraph 49 of the Complaint states a conclusion of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations in paragraph 49 of the Complaint.

51. Paragraph 50 of the Complaint states a conclusion of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations in paragraph 50 of the Complaint.

## COUNT II
## (LANHAM ACT SECTION 43(a))

52. Defendants hereby incorporate by reference as though fully set forth herein their responses to the introductory paragraph and paragraphs 1 through 51 of the Complaint.

53. Defendants do not have sufficient information or knowledge sufficient to either admit or deny the allegations in paragraph 52 of the Complaint, and on that basis deny those allegations.

54. Defendants do not have sufficient information or knowledge sufficient to either admit or deny the allegations in paragraph 53 of the Complaint, and on that basis deny those allegations.

55. Defendants deny the allegations in paragraph 54 of the Complaint.

56. Defendants deny the allegations in paragraph 55 of the Complaint.

57. Paragraph 56 of the Complaint states a conclusion of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations in paragraph 56 of the Complaint.

58. Defendants admit the allegations in paragraph 57 of the Complaint.

59. Paragraph 58 of the Complaint states a conclusion of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations in paragraph 58 of the Complaint.

60. Paragraph 59 of the Complaint states a conclusion of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations in paragraph 59 of the Complaint.

61. Defendants do not have sufficient information or knowledge sufficient to either admit or deny the allegations in paragraph 60 of the Complaint, and on that basis deny those allegations.

62. Paragraph 61 of the Complaint states a conclusion of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations in paragraph 61 of the Complaint.

## COUNT III
### (MINNESOTA'S UNIFORM DECEPTIVE TRADE PRACTICES ACT MINN. STAT. 325d.44 (2008))

63. Defendants hereby incorporate by reference as though fully set forth herein their responses to the introductory paragraph and paragraphs 1 through 62 of the Complaint.

64. Defendants deny the allegations in paragraph 63 of the Complaint.

65. Paragraph 64 of the Complaint states a conclusion of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations in paragraph 64 of the Complaint.

66. Paragraph 65 of the Complaint states a conclusion of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations in paragraph 65 of the Complaint.

67. Paragraph 66 of the Complaint states a conclusion of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations in paragraph 66 of the Complaint.

68. Defendants deny the allegations in paragraph 67 of the Complaint.

69. Paragraph 68 of the Complaint states a conclusion of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations in paragraph 68 of the Complaint.

70. Paragraph 69 of the Complaint states a conclusion of law to which no response is necessary. To the extent that a response is deemed necessary, Defendants deny the allegations in paragraph 69 of the Complaint.

71.     Defendants admit the allegations in paragraph 70 of the Complaint to the extent that Plaintiff purports to demand a jury trial for all issues triable to a jury.

No response is required to the remainder of the Complaint, which sets forth Plaintiff's prayer for relief. To the extent that a response is required, Defendants deny the remaining allegations in the Complaint.

## AFFIRMATIVE DEFENSES

Defendants state that they assert these affirmative defenses based upon information presently available and in order to avoid waiver. Defendants reserve the right to withdraw any of these affirmative defenses or to assert additional affirmative defenses as further information becomes available. As and for their affirmative defenses, Defendants assert and state as follows

### FIRST AFFIRMATIVE DEFENSE
*-Failure to State a Claim-*

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
*-Unoriginal Work/Copyright Invalidity-*

Plaintiff's copyright infringement claims are barred by copyright invalidity in that Plaintiff's alleged copyrighted work comprises an arrangement or a combination of unoriginal elements and sufficiently lacks expressive substantive content or subject matter to the extent that Plaintiff's work is characteristically unprotectable under U.S. copyright law.

### THIRD AFFIRMATIVE DEFENSE
*-Public Domain/Third Party Works-*

Plaintiff's copyright infringement claims are barred in that Plaintiff's alleged copyrighted work comprises unprotectable elements derived from or are in the public

domain or exist in copyrightable or non-copyrightable works of third parties, such that Plaintiff's work merely represents a copy, rendition, or reproduction of works in the public domain and/or works of third parties.

## FOURTH AFFIRMATIVE DEFENSE
*-Fair Use-*

Plaintiff's copyright infringement claims are barred by fair use.

## FIFTH AFFIRMATIVE DEFENSE
*-Abandonment-*

Plaintiff's copyright infringement claims are barred in that Plaintiff engaged in overt acts or exercised general conduct that is indicative of intent to surrender rights of any and all claims of copyright ownership in Plaintiff's work, notably by means of allowing widespread dissemination of Plaintiff's work without notice of copyright ownership, failure to exercise due care and take diligent effort in monitoring and enforcing his copyrights, and other factual circumstances indicative of intent to abandon copyright ownership.

## SIXTH AFFIRMATIVE DEFENSE
*-Laches-*

Plaintiff's copyright infringement and ancillary claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
*-De minimus-*

Plaintiff's copyright infringement claims are barred in that any alleged claim of copying of Plaintiff's work by Defendants was "*de minimus*."

## EIGHTH AFFIRMATIVE DEFENSE
*-Waiver/Acquiescence-*

Plaintiff's copyright infringement and ancillary claims are barred by waiver and/or acquiescence.

## NINTH AFFIRMATIVE DEFENSE
*-Copyright Misuse-*

Plaintiff's copyright infringement claims are barred by copyright misuse in that Plaintiff engaged in egregious acts or conduct surmounting to an abuse of process and power by means of over extending the permissible scope of his copyrights contrary to Congress's intent and policy for inappropriate purposes to facilitate monetary settlements with Defendants as well as other third party defendants, particularly in view that Plaintiff reasonably knew or should have known that his copyrighted work comprises, in part or in whole, a collection or an arrangement of unoriginal elements and sufficiently lacks, in part or in whole, expressive substantive content or subject matter.

## TENTH AFFIRMATIVE DEFENSE
*-Estoppel-*

Plaintiff's copyright infringement claims are barred by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE
*-Scènes à Faire/Merger-*

Plaintiff's claims for copyright infringement are barred as Plaintiff's work comprises elements that are for practical purposes indispensible, or least customary, in the treatment of a given subject matter.

## TWELFTH AFFIRMATIVE DEFENSE
*-Substantially Dissimilar Works-*

Plaintiff's claims for copyright infringement are barred since the alleged infringing

work of Defendants is not substantially similar to the alleged copyrighted work of Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE
*-Innocent Infringer and Lack of Voliton-*

Defendants innocently and inadvertently acquired subject matter from third party sources, other than from Plaintiff, which was reasonably and recognizably understood by Defendants as existing in the public domain, particularly in view that the third party subject matter was designated, labeled, represented, and characterized as royalty free as well as being used by the U.S. Government without designation of copyright ownership or notice.

## FOURTEENTH AFFIRMATIVE DEFENSE
*-Lack of Access-*

Plaintiff's claims for copyright infringement are barred, as Defendant did not have access to Plaintiff's copyrighted work.

## FIFTEENTH AFFIRMATIVE DEFENSE
*-Lack of Protectable Expression-*

Plaintiff's claims for copyright infringement are barred in that Plaintiff's work comprises expressions of ideas or concepts that are standard, stock, or common to a particular subject matter or medium to the extent of surmounting to the status of unprotectable subject matter under U.S. copyright law.

## SIXTEENTH AFFIRMATIVE DEFENSE
*-17 U.S.C. §105 – U.S. Government Works-*

Plaintiff's claims for copyright infringement are barred as Plaintiff's work stems from and is based on subject matter or work prepared by an officer or employee of the United States Government as part of that person's official duties, as defined under 17 U.S.C. §101, such to the extent that the federal government works, published or unpublished, reside in the public domain by operation of law under 17 U.S.C. §105.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### *-Undistinguished Goods-*

Plaintiff's claims fail, in whole or in part, since the features of Plaintiff's products and/or the alleged design neither identifies nor distinguishes Plaintiff's goods.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### *-No Likelihood of Confusion-*

Plaintiff's claims are barred, in whole or in part, since there is no likelihood of confusion in the marketplace.

## NINETEENTH AFFIRMATIVE DEFENSE
### *-Lack of Injury-*

Defendants' actions are not likely to cause injury to Plaintiff's business, reputation or dilute the distinctive quality, if any, of Plaintiff's goods.

## TWENTIETH AFFIRMATIVE DEFENSE
### *-Lack of Harm-*

Plaintiff has suffered no harm and/or irreparable harm.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### *-Lack of False or Misleading Statements-*

Defendants have made no false or misleading statements or representations of fact regarding their products and/or origins of their products.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### *-Lack of Deceptive Conduct-*

Defendants have not engaged in any unfair or deceptive conduct or behavior.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
*-No Material Confusion-*

There is no material confusion or mistake or likelihood of material confusion or mistake.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
*-Lack of Injury-*

Plaintiff has suffered no injury nor is there a likelihood of injury.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
*-Unprotectable Trade Dress-*

Plaintiff's claims are barred, in whole or in part, since the features of Plaintiff's products in which he claims trade dress protection are not likely to serve primarily as designator of origin of the product and therefore are not protectable by trade dress rights.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
*-Commercially Reasonableness-*

At all times, Defendants acted in a commercially reasonable and lawful manner.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
*-Actions of Third Parties-*

The alleged damages sustained by Plaintiff, if any, are the proximate result of the act and/or omissions of parties over which Defendants exercised no control.

WHEREFORE, having fully answering said Complaint, Defendants pray as follows:

1. That the Court dismiss said Complaint with prejudice;
2. That the Court award all costs and attorney fees as costs pursuant to 17 U.S.C. § 505 or as allowable by other provisions of law; and

      3.      That the Court award such other and further relief as the Court may deemed just and proper.

Dated:  April 3, 2015                                    Respectfully submitted,

<u>s/Michael A. Mochinski</u>

Michael A. Mochinski
(MN Bar No. 264465)
11670 Fountains Drive
Maple Grove, MN 55369
Telephone: (763) 496-1082
E-mail: Michael@mam-iplaw.com

*ATTORNEY FOR DEFENDANTS
FISH-HARD.COM, AMY L. PENZA,
DAVID P. BROWN, AND
MICHAEL E. KEYES*